In the Matter of the Claim of JOHN VAN TESLAAR, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Appellant.

Third Department, March 15, 1973.

*Louis J. Lefkowitz, Attorney-General* (*Irving Jorrisch* and *Murray Sylvester* of counsel), for appellant.

*Cornelius D. Murray* for respondent.

STALEY, JR., J. · This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, filed March 25, 1971, which determined that claimant was entitled to unemployment insurance benefits.

Claimant, a marine engineer, belongs to a union known as the Marine Engineers Beneficial Association (MEBA), which had negotiated a collective bargaining agreement with the ship owners providing for contributions by the ship owners to a fund to provide vocational training to the members of the union. Claimant attended the school operated by the MEBA at Baltimore, Maryland, from May 4, 1970 to September 14, 1970, during which time he took three courses. By reason of the courses which he took during the period from May 4, 1970 through June 28, 1970, claimant was entitled to and received a monthly allowance of $988 from the MEBA Training Plan Trust Fund established under the collective bargaining agreement. This allowance, termed a " scholarship living allowance " by the association, is equivalent to the base wages of a day-working 3rd Assistant Engineer. At all relevant times, claimant was classified as a 1st Assistant Engineer. From June 29, 1970 through September 14, 1970, claimant received no allowances other than room and board, and was held to be eligible for benefits during such period. When claimant was advised that he had been accepted for training at the school, he applied to the Industrial Commissioner for approval of vocational training pursuant to section 599 of the Unemployment Insurance Law (Labor Law, art. 18)

so that he could remain eligible for benefits despite his regular attendance at the school and resulting unavailability for employment.

On May 25, 1970 this application was disapproved by the Commissioner on the ground that he was "receiving a training allowance from another fund in amount greater than your benefit rate." Claimant requested a hearing after which the Referee determined that, since the allowance being received by claimant was from a private source and not from a governmental source, his receipt of the allowance was not a relevant factor to be considered in determining whether approval under section 599 should be granted; that claimant was entitled to receive approval under section 599 and, by reason thereof, he may not be held unavailable because of his attendance at the school. The board affirmed the Referee's decision.

On this appeal, the Commissioner contends that he is authorized to consider the source and amount of a training allowance received by claimant from an employer-financed fund in determining whether to approve a vocational training course for a particular claimant under section 599 and, in the absence of his approval, claimant was properly denied benefits.

Under section 599, the Commissioner is authorized to approve a vocational training course for a claimant providing certain conditions, not in issue here, are found to exist. In addition, the Commissioner, prior to giving such approval, is required to "give due consideration to existing and prospective conditions of the labor market in the state, taking into account present and anticipated supply and demand regarding the occupation or skill to which the training course relates, and to any other relevant factor." The main issue presented is whether the training allowance received by claimant is a "relevant factor" which the Commissioner was authorized to consider in determining whether to approve or disapprove the vocational training courses for claimant.

Section 599 does not automatically grant benefits to a claimant attending a vocational training course. The effect of the statute is that, if certain conditions exist, the Commissioner in his discretion after considering certain enumerated circumstances and all other relevant factors, may approve or disapprove a claimant for a vocational training course.

In a prior case, the board held that allowances received by claimants from governmental sources could be considered as relevant factors in determining whether approval under section 599 of the Labor Law should be granted, and in such a case

the claimant was not entitled to benefits. However, it distinguished that holding from the present claim where the source of the allowance was from an employer-financed fund and granted claimant benefits. The receipt of claimant's training allowance, in excess of his benefit rate, intended as a substitute for wages during the period of attendance at the training course, is certainly a "relevant factor" to be considered by the Commissioner in determining whether claimant should receive unemployment insurance benefits in addition to the training allowance covering the identical period. Claimant's training allowance clearly represents a substitute for wages which he would have earned if working instead of attending the training course. This is just as much a relevant factor as a training allowance paid by a governmental agency.

The decision should be reversed, and the matter remitted for further proceedings not inconsistent herewith, without costs.

HERLIHY, P. J. (dissenting). While the facts are detailed in the majority statement, it is important to note that the claimant attended training school from May 4, 1970 through September 14, 1970 and for the entire period received a subsistence allowance for board and room. From June 29, 1970 — September 14, 1970 because of the subject matter of the courses pursued by the claimant he received no additional allowance. From May 4, 1970 — June 28, 1970 his courses consisted of basic and advanced electricity and as a result, under the collective bargaining union agreement, he was allotted an additional scholarship living allowance. For this period, approval of his application for vocational training was disallowed because "you are receiving a training allowance from another fund in an amount greater than your benefit rate". Subsequently, it was determined that he was not entitled to unemployment insurance benefits as he was not available for work, the notice stating "You are in full day time attendance at school and are not available to ship out". It should be noted that the same full-day attendance governed from June 29, 1970 — September 14, 1970 when he was allowed benefits.

Upon appeal, the Referee found so far as pertinent: "Since the receipt of the allowance was the only ground for denial of the approval, it must be held that said claimant was entitled to receive such approval. By reason thereof, he may not be held unavailable because of his attendance on a full time basis at the vocational training course." Thereafter, the board adopted the findings of fact and the opinion of the Referee as its opinion.

Section 599 of the Labor Law, the governing statute, is limited in scope as is best evidenced by the opening clause of the statute,

" Notwithstanding any other provision of this article ", and thereafter, in preserving the eligibility of a claimant's rights, specifically enumerates the conditions for the Commissioner's approval of the course. Thus, in my opinion, the statute is limited and subject to strict construction. Reliance is placed upon a sentence therein which states as pertinent " The commissioner shall give due consideration * * * and to any other relevant factor ". It is contended that under the catchall " relevant factor ", the board should accept the Commissioner's interpretation as being binding upon it. The respective powers of the Commissioner and the Appeal Board have been considered and determined by prior decisions of this court. (See *Matter of Marsh* [*Catherwood*], 17 A D 2d 527, affd. 13 N Y 2d 235.)

It seems of necessity that what is " relevant " under the statute must be a factual issue. The Referee and the board found that the denial of vocational training and the subsequent disallowance of benefits were based solely on " the receipt of the allowance ", which factual finding was not proper ground for denial and that, accordingly, the claimant was unavailable for work pursuant to section 599. Such determination was within the power and authority of the board and should be affirmed.

GREENBLOTT, SWEENEY and KANE, JJ., concur. HERLIHY, P. J., dissents and votes to affirm in a separate opinion.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, without costs.