■ In the Matter of the Claim of THOMAS J. COSCIA, Respondent. PHILIP ROSS, as Industrial Commissioner, Appellant.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 23, 1978, which determined that claimant was entitled to unemployment insurance benefits. Claimant was employed as a commodities clerk for approximately one year until September 2, 1977, when he was laid off for lack of work. He filed a claim for benefits, effective September 5, 1977. On March 2, 1978, he began attending a 65-week training course at a community college which would qualify him as a data processer at the end of the program on May 25, 1979. Shortly after March 30, 1978, he applied for vocational training approval of the course, pursuant to section 599 of the Labor Law. This application was disapproved by the Industrial Commissioner on the ground that it was protracted and would exceed 14 months. Claimant was held ineligible to receive benefits, effective March 20, 1978, because he was not available for employment due to his preoccupation with his studies. Claimant requested a hearing, after which the referee sustained the initial determinations. Claimant appealed to the Unemployment Insurance Appeal Board which reversed the referee, stating: "The Industrial Commissioner has based his denial of claimant's application for approval of vocational training on the contention that the duration of claimant's course of study was excessive. On the date claimant filed his application for approval of vocational training, fewer than 14 months remained before the course would be completed. The Board has previously held that the duration of a training course is to be measured from the date of application for vocational training benefits and that a course which is to be completed by or within 14 months on such date is not overly protracted in length (Appeal Board #235, 612). In view thereof, the duration of the course herein was not so protracted as to render it non-vocational under the principal stated in *Matter of Weiss,* 50 A D 2d 977, affirming Appeal Board 208, 667. Accordingly, we conclude that the claimant's application should be granted." On this appeal, the Industrial Commissioner asserts that the duration of the entire course should determine the applicability of section 599 of the Labor Law. "Under section 599, the Commissioner is authorized to approve a vocational training course for a claimant providing certain conditions, not in issue here, are found to exist. In addition, the Commissioner, prior to giving such approval, is required to 'give due consideration to existing and prospective conditions of the labor market in the state, taking into account present and anticipated supply and demand regarding the occupation or skill to which the training course relates, and to any other relevant factor' " *(Matter of Van Teslaar [Levine],* 41 AD2d 102, 104, affd 35 NY2d 311). The basic issue herein is whether the board may consider the duration of a training course measured from the date of the application for approval as a relevant factor, or must it consider the entire length of the course as the sole relevant factor. In our view, the duration of a training course measured from the date of the application for approval is a relevant factor in determining whether a training course should or should not be approved. "The *weight* to be accorded this factor is a matter of agency discretion, a 'question of fact' upon which the appeal board's decision is conclusive unless arbitrary or an abuse of discretion." *(Matter of Van Teslaar [Levine],* 35 NY2d 311, 318, *supra.)* The board correctly determined relevancy, and it cannot be said that the weight accorded this factor was arbitrary or an abuse of discretion. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.